```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                   WESTERN DIVISION
```

RALPH DANIEL                                           PLAINTIFF

VERSUS                      CIVIL ACTION NO: 5:10-cv-127-DCB-JMR

K-MART CORPORATION,
JOHN CHRISTOPHER
and JOHN DOES 1-5                                     DEFENDANTS

## OPINION AND ORDER

This cause is before the Court on the Plaintiff's Motion to Remand [docket entry no. 5]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

This is an action for personal injuries allegedly sustained by the Plaintiff, Ralph Daniel, while shopping at a K-Mart store in Natchez, Mississippi. On May 26, 2010, Daniel filed a Complaint in the Circuit Court of Adams County, Mississippi against K-Mart Corporation, John Christopher (the manager of the K-Mart), and unnamed defendants who were involved in the maintenance of the K-Mart. Daniel and Christopher are both citizens of Mississippi while K-Mart is a citizen of Michigan (the state of its incorporation) and Illinois (the state in which it has its principal place of business). The Complaint alleges that Daniel "slipped and fell in a pool of leaking detergent substance in the cleaning aisle, causing serious bodily harm." [docket entry no. 1-

2]. Defendants K-Mart and Christopher noticed the removal of this case on August 5, 2010, alleging diversity jurisdiction pursuant to 28 U.S.C. § 1332. Daniel then filed the instant Motion to Remand on August 10, 2010.

In order for a federal court to entertain diversity jurisdiction, the amount in controversy must exceed $75,000 and there must be "complete diversity" between the opposing parties, meaning that if any one defendant and any one plaintiff are citizens of the same state, diversity jurisdiction will not lie. See Strawbridge v. Curtiss, 7 U.S. 267 (1806). Here, though Defendant K-Mart is not a citizen of Mississippi, because Plaintiff Daniel and Defendant Christopher both are, complete diversity arguably does not exist. Defendants noticed removal of the case to federal court, however, alleging that Christopher was fraudulently joined as a defendant and thus should not be considered for the purposes of determining diversity. If Christopher is fraudulently joined, this Court may take jurisdiction over the case and the Defendants properly removed it.

Fraudulent joinder can be established in two ways: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Illinois Central R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004)(en banc)(quoting Travis v. Irby, 326 F.3d 644, 646-47 (5th Cir. 2003)). Removing defendants

2

bear the burden of establishing federal subject matter jurisdiction. Travis, 326 F.3d at 649 (5th Cir. 2003). Defendants have not alleged actual fraud; therefore, in order to succeed in removing this case based on fraudulent joinder, they must show that there is no cause of action against the non-diverse party (here, Christopher) in state court. The question for this Court is whether Daniel has

> any possibility of recovery against the party whose joinder is questioned. If there is arguably a reasonable basis for predicting that state law might impose liability on the facts involved, then there is no fraudulent joinder. This possibility, however, must be reasonable, not merely theoretical.

Travis, 326 F.3d at 648 (quoting Great Plains Trust co. v. Morgan Stanley Dean Witter & Co., 313 F.3d 305, 312 (5th Cir. 2002)). Defendants contend that there is no reasonable possibility of recovery against Christopher, the store manager, because he cannot be held liable for Daniel's injuries simply based upon his position. Instead, Defendants argue that for a store manager to be liable for a customer's injuries, he must be attributed with at least some negligent act.

Defendants rely primarily upon Griffin v. Dolgen Corp., Inc., 143 F.Supp.2d 670 (S.D. Miss. 2001) and Mims v. Renal Care Group, Inc., 399 F.Supp.2d 740 (S.D. Miss. 2005). In Griffin, the plaintiff also alleged tort claims against a store manager arising out of a slip and fall accident in the store and the district court

looked to Mississippi law which holds that "owner[s], occupant[s] or person[s] in charge of a premises" had duties to warn invitees of dangerous conditions. Griffin 143 F.Supp.2d at 671 (citing Waller v. Dixieland Food Stores, Inc., 492 So.2d 283 (Miss. 1986)). Nevertheless, the Griffin court held that the Mississippi Supreme Court did not intend to "saddle a store manager with personal liability" where there was no evidence that the slippery substance on the floor is attributable to the act of the manager. Id. at 672. Accordingly, the store manager was held to be fraudulently joined and the district court denied the Motion to Remand.

By contrast, in Mims, this Court granted remand where the plaintiff had sued the manager of a health care clinic in addition to the clinic's out of state owner. Id. This Court noted that "hands-on contact ... does not seem required to impose personal liability under Mississippi law" but that "at least some negligent act must be attributed to the manager." Mims, 399 F.Supp.2d at 743. This Court held that Mississippi law permitted liability for negligent supervision and, because the Mims plaintiff alleged the manager was negligent in failing to repair a dangerous situation despite the plaintiff's warnings, there was a reasonable possibility of recovery against the manager. Id. at 745-46. Defendants argue that Mims supports that removal was proper here because the Complaint attributes no negligent act to Christopher.

Most relevant to the facts here is Smith v. Petsmart Inc., 278

4

Fed.Appx. 377, 2008 WL 2062257 (5th Cir. 2008), upon which Daniel relies.  There, the plaintiff was injured at a Petsmart store in North Jackson, Mississippi after tripping on a forklift that had been left in an aisle.  The plaintiff then sued Petsmart and the store manager in Mississippi state court.  With regard to the store manager, the plaintiff alleged that she was responsible for the store on the date of the accident and was negligent in failing to properly maintain the store, failing to provide a safe premises for customers, failing to place warning signs near the hazard, and failing to control and supervise employees.  Id. at 379-380.  The plaintiff did not allege that the manager was personally responsible for leaving the forklift in the aisle, however.  The defendants removed the case to federal court contending that the store manager had been fraudulently joined, and the district court agreed.

The Fifth Circuit reversed, however, holding that "Mississippi law is unclear on the issue of whether a store manager, in addition to a store owner, can be personally liable in premises liability cases."  Id. at 380 (citing Mayfield v. The Hairbender, 903 So.2d 733, 735-35 (Miss. 2005), which held that the owner, occupant, or *person in charge of premises* owes a duty to an invitee).  Noting that Mississippi federal courts had reached differing conclusions on whether managers could be held liable, the Fifth Circuit held that because it must resolve all uncertainties in the relevant

5

state law in favor of the non-moving party, it therefore would assume that a manager may qualify as a "person in charge of premises." Id. at 380. In so doing, the Fifth Circuit specifically cited and rejected the district court's holding in Griffin. Id.

This Court is bound by the Fifth Circuit's holding in Petsmart and must assume that a store manager is a "person in charge of premises" who may be held liable for injuries that occur to customers of the store. The only remaining question, therefore, is whether Daniel sufficiently alleges claims against the store manager, Christopher, here. The Complaint alleges that K-Mart, Christopher, and John Does 1-5 failed to prevent the substance from spilling, failed to properly inspect the floor, failed to properly clean the floor, failed to warn the general public that the floor was unsafe, failed to maintain proper control and supervision of employees and failed to place a warning sign near the hazard. More importantly, the Complaint alleges that Christopher was store manager and was "charged with the responsibility of supervision of the Defendant K-Mart Corporation's employees and controls of the premises within the K-Mart Corporation's building." [Docket entry no. 1-2]. Under Petsmart, the allegations of the Complaint are sufficient for there to be at least a reasonable possibility that Christopher may be held liable for Daniel's injuries. Id. at 381 (noting critical fact that the manager defendant admitted in an affidavit that she was the only manager on duty at the time of the

accident).[1]  Accordingly, complete diversity does not exist and this Court has no jurisdiction to hear Daniel's claim.  The Motion to Remand must be granted.

Daniel further seeks to recover the costs, expenses, and attorney's fees attributable to Defendants' removal of this case. 28 U.S.C. § 1447(c) (establishing that "an order remanding a case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). "Absent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal."  Admiral Ins. Co. v. Abshire, 574 F.3d 267, 280 (5th Cir. 2009) (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005)).  Defendants had an objectively reasonable basis for removal given the murky state of Mississippi law on whether a store manager can be held liable for a customer's injuries and especially given the district court's holding in Griffin.  Accordingly, this Court will not award Daniel any actual expenses related to removal.

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand is **GRANTED**.

---

[1] In an attempt to defeat remand, the manager defendant in Petsmart submitted an affidavit detailing her responsibilities over the store.  Id. at 381.  Here, Defendant Christopher has submitted no affidavit nor made any argument that he was not the manager on duty at the time of Daniel's accident.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Just Costs and Actual Expenses Related to Removal is **DENIED.**

**SO ORDERED**, this the 18th day of November 2010.

                                               s/ David Bramlette

                                               UNITED STATES DISTRICT JUDGE